**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

United States of America,

v.                                                      Case No. 1:19-cr-217-MLB

Ramont Lamont Adams,

        Defendant.

_____/

## ORDER

In June 2019, a grand jury indicted Defendant Ramont Adams (and codefendants) for conspiring to commit robbery in violation of 18 U.S.C. § 2111(a), robbery in violation of 18 U.S.C. §§ 7(3) and 2111, and aggravated sexual abuse in violation of 18 U.S.C. §§ 7(3) and 2241(a)(1). (Dkt. 1.)  The charges stemmed from the conspirator's robbery and sexual assault of a fellow inmate while incarcerated at a federal prison in Atlanta. (*Id.*)  A magistrate judge issued an arrest warrant the same day. (Dkt. 3.)  The United States later obtained a superseding indictment. (Dkt. 21.)  On December 8, 2020, Defendant Adams pleaded guilty to robbery and aggravated sexual abuse.  (Dkts. 72, 72-1.)  The Court

1

sentenced him to imprisonment for 210 months—the bottom of the guideline range.  (Dkts. 82, 118.)

Defendant Adams appealed but voluntarily dismissed the appeal. (Dkts. 89, 121.)  In 2022, he filed several pro se motions under 28 U.S.C. § 2255, asserting his innocence and claiming his attorney was constitutionally ineffective for failing to pursue that claim and for failing to seek dismissal for two violations of his speedy trial rights.  (Dkts. 122, 125, 128, 129.)  A Magistrate Judge recommended denial, and the Court adopted that recommendation.  (Dkts. 133, 135.)  Defendant Adams appealed.  (Dkt. 146.)  The Eleventh Circuit determined the Court had not considered one of Defendant Adam's speedy trial claims, specifically that the indictment was untimely because the United States did not obtain the indictment within thirty days of the offense.  (Dkt. 161.)  So the Court of Appeals remanded for consideration of that claim.  (*Id.*)

The Magistrate Judge again recommends denial.  (Dkt. 171.)  In a written recommendation, he explains the Speedy Trial Act requires indictment within thirty days of arrest—not an offense—and the United States met that requirement.  (*Id.* at 5.)  He likewise concludes the Sixth Amendment imposes no 30-day indictment requirement since the

constitutional speedy trial right arises upon indictment, accusation, or arrest. (*Id.* at 6-7 (*citing United States v. Marion*, 404 U.S. 307, 315 (1971) (rejecting claim constitutional speedy trial rights were violated by pre-indictment delay because "the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused,' an event that occurred in this case only when [they] were indicted . . .") *and Stoner v. Graddick*, 751 F.2d 1535, 1541 (11th Cir. 1985) (per curiam) ("[T]he Speedy Trial Clause is inapplicable where, as here, the delay concerns a period of time prior to indictment, information, or arrest.").) Next, the Magistrate Judge concludes there could be no Fifth Amendment violation from pre-indictment delay since the United States obtained the indictment well within the statute of limitations and Defendant Adams alleges neither prejudice from pre-indictment delay nor any tactical delay by the United States. (*Id.* at 8-9.) Since Defendant Adams had not demonstrated any violation of his speedy trial rights, the Magistrate Judge says he also has not adequately alleged ineffective assistance by his lawyer for failing to pursue those arguments. Defendant filed no objections.

While that issue was pending, Defendant filed a motion for sentence

reduction under 18 U.S.C. § 3582(c)(2). (Dkt. 163.) The United States opposes. (Dkt. 174.)

## I.    Motion to Vacate Conviction

Federal law requires district courts to "make a de novo determination of those portions of [an R&R] to which objection is made." 28 U.S.C. § 636(b)(1). Any such objection "must specifically identify the portions of the [R&R] to which objection is made and the specific basis for objection." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020)[1]; *see United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). When no objections are filed, de novo review is unnecessary. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not

---

[1] The Court recognizes *McCullars* is unpublished and not binding. The Court cites it and other unpublished cases as instructive, nonetheless. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

4

appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Even assuming review is necessary here, the Court sees no error in the Magistrate Judge's recommendation that it dismiss Defendant Adams's motion to vacate with prejudice. As the Magistrate Judge accurately noted, Defendant Adam's claim the United States failed to obtain an indictment within 30 days of the crime cannot succeed under the Speedy Trial Act, the Sixth Amendment, or the Fifth Amendment. None of those authorities require such a quick indictment. Defendant's speedy trial claim is meritless, and "counsel is not deficient for failing to raise a meritless argument." *Santiago v. United States*, 2024 WL 5356554 *2 (11th Cir. July 31, 2024). The Court thus **ADOPTS** the Magistrate Judge's report and recommendation (Dkt. 171) and **DISMISSES WITH PREJUDICE** Defendant Adams's motion to vacate (Dkt. 122). Since no reasonable jurist could find this conclusion wrong or debatable, the Court also adopts the Magistrate Judge's recommendation that it **DENY** a certificate of appealability.

## II.   Motion for Sentence Reduction

A court may reduce a defendant's sentence when a retroactively applicable amendment to the Sentencing Guidelines provides a lower recommended sentence and the reduction complies with the sentencing factors of 18 U.S.C. § 3553(a) and applicable policy statements. *See* 18 U.S.C. § 3582(c)(2). Defendant Adams seeks a sentence reduction under Amendment 821 of the Sentencing Guidelines, which (among other things) reduced the so-called status points certain defendants receive under section 4A1.1(e). The United States agrees Defendant Adams is eligible for this reduction since he would now receive one fewer criminal history point under section 4A1.1(e) than he received at sentencing, that change would reduce his criminal history by one category, and that would result in a recommended sentence of 188 to 235 months rather than the initially recommended sentence of 210 to 262 months. (Dkt. 174 at 4-5.)

The United States, however, argues the 3553 factors weigh against a sentence reduction. The Court agrees. To start, Defendant makes no argument as to why those factors warrant a reduced sentence. Having reviewed the Presentence Report and transcript of the sentencing hearing, the Court agrees with the sentencing judge's conclusion that

Defendant's conduct was "heinous" and "the most life changing-event of a victim's life." (Dkt. 118 at 12, 18.) That's because Defendant and his codefendants attacked a fellow inmate who was in a wheelchair to rob him of stamps, Defendant choked him until unconscious, and (even after the victim told the assailants where to find the stamps) the group raped him with a sharp long object, leading to bleeding from his anus. (Dkt. 92 ¶¶ 11-17.) The sentencing court imposed the sentence it did—rather than a longer sentence—in recognition of Defendant's lengthy incarceration. Regardless of any change in the Sentencing Guidelines, the sentence imposed remains sufficient but not greater than necessary given the seriousness of the offense (viciously attacking a disabled inmate), Defendant's history and circumstances (including that Defendant was already serving a sentence for a sex offense (Dkt. 92 ¶ 55)), the need to deter other inmates from similar conduct, the need to protect the public from a person capable of committing such an offense, and the fact the sentence imposed remains within the newly-calculated Guideline recommendation.

For these reasons, the Court **DENIES** Defendant's motion for

sentence reduction (Dkt. 163.)[2]

## III.  Conclusion

The Court **ADOPTS** the Magistrate Judge's report and recommendation (Dkt. 171), **DISMISSES WITH PREJUDICE** Defendant Adams's motion to vacate (Dkt. 122), **DENIES** Defendant a certificate of appealability, and **DENIES** his motion for sentence reduction (Dkt. 163).  The Court **DENIES AS MOOT** Defendant's motion for extension of time (Dkt. 176).

**SO ORDERED** this 1st day of May, 2026.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[2] In November 2025, Defendant also filed a motion for additional time to reply to the United States's response to his motion for sentence reduction. (Dkt. 176.)  Defendant has had more than enough time to reply but has not done so.  The Court thus **DENIES** that motion as moot.